**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERTO ROMERO GUZMAN, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | CIVIL ACTION NO. |
| OF HOMELAND SECURITY, | : | 1:19-CV-2669-TWT-CMS |
| et al., | : | |
| Respondents. | : | |

## ORDER

The matter is before the Court on preliminary review of Petitioner's *pro se* complaint.  (Compl., ECF No. 1).  For the reasons discussed below, this action is construed as a federal habeas corpus action and shall be transferred to the Macon Division of the United States District Court for the Middle District of Georgia.

Petitioner states that he is being detained in Washington State Prison, in Davisboro, Georgia, while awaiting deportation.  (Compl., Attach. at 6).  Petitioner complains that, in violation of his constitutional rights, Respondents have refused to comply with the removal order and have delayed his removal and that he remains detained instead of having been removed "back to[] his country as ordered by the court[.]" (Id. at 8-9).  Petitioner seeks injunctive and declaratory relief.  (Compl. ¶ V).

Section 2241 of Title 28, the general habeas corpus statute, traditionally has provided an avenue of relief for aliens held in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  A challenge to present physical confinement is considered a core federal habeas corpus challenge.  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  A § 2241 challenge to present physical custody must be brought in the district court for the district where the petitioner is detained.  Rumsfeld, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); Zater v. Warden, FCI Miami Low, 740 F. App'x 178, 180 (11th Cir. 2018) ("[Section] 2241 applications must be brought in the district court for the district in which the inmate is incarcerated."), cert. denied, _ U.S. _, 139 S. Ct. 1325 (2019); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").  When the Court lacks jurisdiction, it "shall, if it is in the interest of justice, transfer [the] action . . . to any other such court in which the action . . . could have been brought at the time it was filed[.]"  28 U.S.C. § 1631.

2

It is apparent that Petitioner challenges the constitutionality of his present physical confinement and that this action properly is construed as federal habeas corpus petition under § 2241. Such action should be brought in the United States District Court where Petitioner's place of confinement, Washington State Prison, is located, the Macon Division of the Middle District of Georgia.

Accordingly,

The Clerk of Court is **DIRECTED** to adjust this Court's docket to show that this is a federal habeas corpus petition under 28 U.S.C. § 2241.

**IT IS ORDERED** that this action, including all orders, motions, affidavits, pleadings, and exhibits filed herein (if any), is **TRANSFERRED** to the United States District Court for the Middle District of Georgia, the Macon Division.[1]

---

[1] Transfer of this action does not decide the merits of Petitioner's claims. <u>See Mobile Media Ideas LLC v. Samsung Elecs. Co.</u>, No. 8:16-CV-1316-T-23MAP, 2017 WL 3720954, at *1 (M.D. Fla. Mar. 28, 2017) ("Transfer of venue is a non-dispositive pretrial matter, which a magistrate judge may determine . . . ."); <u>Owens v. Carter</u>, No. 5:13-CV-299(MTT), 2015 WL 867063, at *1 (M.D. Ga. Feb. 26, 2015) (treating magistrate judge's order on a motion to transfer as a non-dispositive order).

3

The Clerk is **DIRECTED** to withdraw the referral to the undersigned.

**IT IS SO ORDERED and DIRECTED**, this 24th day of June, 2019.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

4